IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Garcia Wilson, | Civil Action No. 1:18-0050-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Warden Willie Eagleton, Officer Lucas, Officer Cotton, Officer Sims, and Officer Williamson, | |
| Defendants. | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 28) recommending that the Court deny Defendants' motion for summary judgment (Dkt. No. 15). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Defendants' motion for summary judgment.

I. **Background**

Plaintiff Garcia Wilson brought this suit pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights by failing to protect him from inmate violence, by using excessive force and by denying him medical care while incarcerated at the Evans Correctional Institution ("ECI") of the South Carolina Department of Corrections. Specifically, Plaintiff alleges that on September 5, 2017 he was struck and stabbed by a fellow inmate and that Defendants Cotton and Lucas saw Plaintiff injured, but did not help him. Plaintiff also alleges that on September 7, 2017, after he was transported to the hospital for treatment, Defendant Sims repeatedly kneed Plaintiff in his torso while Defendant Williamson observed, but did not intervene. (Dkt. No. 1-2 at 7-9.) Defendants moved for summary judgment (Dkt. No. 15),

Plaintiff filed a response in opposition (Dkt. No. 20) and Defendants replied (Dkt. No. 21). Defendants objected to the R & R. (Dkt. No. 39.)

**II.   Legal Standard**

**A.   Review of the R & R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. Where there are no objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.   Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities

in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

The party seeking summary judgment has the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). A prison grievance procedure is "available" if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016). The PLRA, therefore, has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 136 S.Ct. at 1855. The prisoner bears the burden of demonstrating that an administrative remedy is unavailable. *See Graham v. Gentry*, 413 Fed. Appx. 660, 663 (4th Cir. 2011) ("[I]n

order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted).

Specifically, an administrative remedy is not "available"—meaning, the remedy, "although officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id.* Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* In other words, "some mechanisms exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Last, an administrative remedy is not available "when prison administrators thwart inmates form taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the inmate. *Id.* (internal quotation marks and citation omitted).

After a careful review of the record, including Defendants' objections to the R & R, the Court finds that the Magistrate Judge correctly identified that Defendants failed to demonstrate there is no genuine dispute of material fact regarding whether ECI remedies were unavailable to Plaintiff such that his suit is barred by the PLRA exhaustion requirement. Here, for example, Plaintiff submitted paper grievances following the September 5, 2017 attack, but the grievances were returned to Plaintiff unprocessed. (Dkt. No. 20-1 ¶¶ 36-42.) *See, e.g.*, *Mann v. Scott*, No.

0:14-3474-RMG, 2015 WL 5165198, at *5 (D.S.C. Sept. 1, 2015) ("The Court finds that the prison's failure to respond to Plaintiff's RTS's made an administrative remedy unavailable in this case, excusing his resulting failure to exhaust prior to filing suit. The Motion for Summary Judgment is denied as to its administrative exhaustion grounds."); *Martin v. McFadden*, 2016 WL 3727493, at *2 (D.S.C. June 17, 2016) (denying defendants' motion for summary judgment where prisoner received a response to his grievance "long after the time period established by SCDC policy"). Similarly, Plaintiff was generally discouraged from filing grievances when prison staff made his complaints public among inmates or when he did not have access to kiosks and prison officials would not accept his paper complaints. (Dkt. No. 20-1 ¶¶ 44-46, 87-92.) *See, e.g.*, *Moore v. Bennet*, 517 F.3d 717, 725 (4th Cir. 2008) (noting that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it"). Construed in a light most favorable to Plaintiff, including that Plaintiff submitted a grievance on April 27, 2018 (Dkt. No. 20-1 at 29), this evidence supports finding that the informal resolution step in the ECI grievance procedure was a "dead end" for Plaintiff.

Defendants object to the Magistrate Judge's conclusion that administrative remedies were unavailable to Plaintiff, arguing that, for example, (1) the Court should give deference to Defendants' treatment of Plaintiff's grievances because the ECI's administrative process is susceptible to multiple interpretations; (2) the R & R improperly takes as true that Plaintiff submitted a grievance for the prison and hospital incidents; and (3) Plaintiff failed to demonstrate he was "reasonably subjectively afraid to file complaints against officers." (Dkt. No. 39 at 4, 5, 12.) The Court has carefully reviewed Defendants' objections, but when appropriately construed in a light most favorable to Plaintiff, the record supports finding that Defendants were

"consistently unwilling" to engage with Plaintiff's grievances, which Defendants were empowered to consider, but nonetheless "declined [ ] to exercise" their authority to review. *Ross*, 136 S.Ct. at 1853, 1859.[1] In fact, courts have rejected a defendants' PLRA exhaustion requirement argument on a thinner record than this. *See, e.g., Lyles v. Sterling*, No. 9:17-149-CMC, 2018 WL 1737091, at *3 (D.S.C. Apr. 11, 2018) (denying defendants' motion for summary judgment where facts alleged were insufficient to show remedies were unavailable). As a result, Plaintiff sufficiently demonstrated that administrative remedies were unavailable and Defendants failed to meet their burden on summary judgment of demonstrating that there is no genuine issue of material fact as to whether Plaintiff failed to satisfy the PLRA exhaustion requirement.

**IV.  Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 28) as the Order of the Court and **DENIES** Defendants' motion for summary judgment (Dkt. No. 15). This matter is **REFERRED BACK** to the Magistrate Judge for pre-trial proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 10, 2018
Charleston, South Carolina

---

[1] Plaintiff and Defendants offer voluminous discussion of Plaintiff's various history of incidents and complaints while incarcerated, but the issues to be determined here relate only to whether Plaintiff was required, but failed, to satisfy the PLRA exhaustion requirement in regards to the September 5, 2017 and September 7, 2017 incidents. *See* Dkt. No. 20-1 at 5 ("The case at bar only relates to the stabbing which occurred on September 5, 2017 and the later attack from the guard at the hospital on September 7, 2017.").