IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Garcia Wilson, | ) | Civil Action No. 1:18-0050-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Willie Eagleton, Officer Lucas, Officer Cotton, Officer Sims, and Officer Williamson, | ) | |
| Defendants. | ) | |

Before the Court are various motions by the Parties: Motion for a Protective Order by Defendants (Dkt. No. 101); Motion for an Extension of Time to File Dispositive Motions (Dkt. No. 104); Motion to Compel by Plaintiff (Dkt. No. 107); Motion to Allow Production of Expunged Record by Plaintiff (Dkt. No. 114), and Motion to Compel Deposition of Blake Gordon (Dkt. No. 115.) For the reasons set forth below, the Court grants in part and denies in part the motions.

**I.  Background**

Plaintiff Garcia Wilson brought this suit pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights by failing to protect him from inmate violence, by using excessive force and by denying him medical care while incarcerated at the Evans Correctional Institution ("ECI") of the South Carolina Department of Corrections. (Dkt. No. 66.)

This is the third time that this Court has had to address multiple discovery disputes between these parties, in addition to the multiple discovery motions presented to the Magistrate Judge before the case was unreferred. Pending before this Court currently is: Motion for a Protective Order by Defendants (Dkt. No. 101); Joint Motion for an Extension of Time to File Dispositive Motions (Dkt. No. 104); Motion to Compel by Plaintiff (Dkt. No. 107); Motion to Allow

Production of Expunged Record by Plaintiff (Dkt. No. 114), and; Motion to Compel Deposition of Blake Gordon (Dkt. No. 115). The Court ruled on these matters at a hearing on July 11, 2019. (Dkt. No. 125.) Regardless, the Court issues this Order to specify the Parties' duties and required production. The Court expects that, now that the Court has clarified required disclosures, the Parties moving forward will confer in good faith regarding discovery, produce discovery required under Rule 26, and confer regarding whether any discovery requests need to be clarified.[1]

## II. Legal Standard

In general, parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The court "must limit the frequency or extent of discovery...if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad

---

[1] While this Order only applies to the case at hand, *Wilson v. Eagleton et al.*, 1:18-cv-0050-RMG, the Court is aware that multiple other cases regarding similar facts are currently pending in this District, often with some overlapping defendants, the same Defense counsel, and the same requested information as present here. Therefore, this Order's reasoning may be instructive to what information is discoverable and must be disclosed.

discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Additionally, a party from whom discovery is sought may move for a protective order to prohibit or specify the discovery to be provided. Fed. R. Civ. P. 26(c).

### III. Discussion

#### A. Motion for Protective Order (Dkt. No. 101)

As explained at the hearing, past investigations into similar conduct as alleged here are potentially highly relevant to Plaintiff's claims. Therefore, Defendant's motion for an order protecting Defendant Sims from questioning is denied in part, and questions regarding investigations, terminations, lawsuits or prosecutions regarding SCDC officers and employees for assault, excessive use of force, failure to protect, failure to provide medical care, or allegations of implicit or explicit involvement with gangs in prison are permissible. However, Plaintiff states he seeks testimony regarding "contraband inspections," and simple drug possession by SCDC officers or employees is not relevant to Plaintiff's claims here. Further, to the extent that any of the testimony relates to currently pending investigations, Defendant is directed to produce that evidence *in camera* initially to protect the security of any current investigations. However, any investigations that have been completed, including those that resulted in criminal charges or civil claims, may be discussed without prior submission *in camera*. To the extent that Defendant Sims needs to be deposed a second time to ask about these limited topics now ordered by the Court, the expense shall be borne by the Defendants. Therefore, Defendants' Motion for a Protective Order is granted in part and denied in part.

### B. Joint Motion to Extend Deadline for Dispositive Motions (Dkt. No. 104)

As ruled on at the hearing, this Motion is granted, and the deadline for dispositive motions in this case is now July 31, 2019.

### C. Plaintiff's Motion to Compel (Dkt. No. 107)

Plaintiff's motion to compel requests that the Court compel nine categories of discovery, many implicating multiple requests in discovery. The Court ruled on each request at the hearing on July 11, 2019, and further explains its holdings below:

#### *1. First Request Regarding the Subpoena to Jeff Eiser*

First, Plaintiff seeks the Court to compel a response to Plaintiff's subpoena *duces tecum* dated March 21, 2019, to Defendant's expert Jeff Eiser requesting eight sets of documents. (Dkt. No. 100-1 at 6.) The Court discusses each:

Request 1: It is black letter law that a party must produce all "facts and data" considered by an expert witness. Fed. R. Civ. P. 26(a)(2)(B). Therefore, within ten (10) days of this Order, Defendants must produce all cases, articles and books cited by Eiser. The production can be by copy of relevant portions and inspection at a mutually agreeable time and location. To the extent that Eiser needs to be deposed a second time to ask about this discovery now ordered by the Court, the expense shall be borne by the Defendants.

Request 2: Defendants' counsel represented that Eiser does not have transcripts from prior cases in which he served as an expert. Defendants' counsel further stated that Eiser testified as such at his deposition. A Party cannot produce evidence that does not exist. Testimony at a deposition is under oath and can certify a claim that the documents do not exist. However, to the extent Eiser has not clearly testified to such at his deposition, Eiser must produce an affidavit within ten (10) days of this order certifying that no such transcripts exist or, in the alterative, produce any transcripts.

Requests 3 and 4: Plaintiff seeks extensive documents regarding Eiser's income from serving as an expert witness. The request is clearly overbroad, and instead the Court will Order that within ten (10) days of this Order, Defendants must produce information regarding Eiser's total income from serving as an expert witness over the last five (5) years.

Request 5: Defendants must produce, even if duplicative, every document providing facts or data *considered* by Eiser in producing his report. As with Request 1 above, to the extent documents are too voluminous, production can be via copies of relevant portions along with permitting inspection of the underlying documents at a mutually agreeable location. Defendant's must produce such documents within ten (10) days of this Order. Further, Defendants argue that certain communications were between Eiser and counsel. However, Rule 26(b)(4)(C) requires disclosure of certain communications between an expert and counsel, including those related to compensation, that identify facts or data considered, or identify any assumptions relied upon. Therefore, communications between Eiser and counsel, to the extent exempted by Rule 26(b)(4)(C), must also be produced.

Request 6: Request Number 6 is encompassed by Request Number 1, and therefore within ten (10) days of this Order, Defendants must produce all cases, articles and books cited by Eiser. The production can be by copy of the relevant portions and permitting inspection of the full document at a mutually agreeable time and location.

Request 7: Request Number 7 is similarly partially duplicative of Requests 1, 5 and 6. However, Plaintiff's counsel indicated that Plaintiff is also party in another case involving SCDC, *Wilson v. SCDC et al.*, 1:17-cv-3032-RMG, also pending before this Court. To the extent there are any differing documents considered by Eiser in that case, Eiser must produce them here as well as they are relevant to the Plaintiff and to Eiser's consideration of Plaintiff's case.

Request 8: The Parties have indicated that Request Number 8 has been resolved.

    2.    *Second, Third, and Fourth Requests Regarding Plaintiff's Second Set of Interrogatories*

Plaintiff's second, third and fourth requests relate to Plaintiff's Second Set of Interrogatories, which contains three requests (Dkt. No. 100-58). The Court discusses each below.

Request 1: The Defendants current production, of only four employees from a limited time period, is clearly deficient and likely withholds relevant information. Further, as noted by Plaintiff, reporting has indicated that at least ten correctional officers were terminated at ECI from only October 2017 through April 2018, a much shorter period than discussed here, though the reasons for all terminations is not known.[2] As explained above in response to Defendants' Motion for a Protective Order, information[3] regarding investigations, terminations, lawsuits or prosecutions regarding SCDC officers and employees for assault, excessive use of force, failure to protect, failure to provide medical care, or allegations of implicit or explicit involvement with gangs in prison are clearly relevant here. However, investigations or terminations for other reasons, such as tardiness or simple drug possession by SCDC officers or employees, are not relevant to Plaintiff's claims here. Further, to the extent that any of the testimony relates to currently pending investigations, Defendant is directed to produce that evidence *in camera* initially to protect the security of any current investigations. However, any investigations that have been completed, including those that resulted in criminal charges or civil claims, must be produced without prior submission *in camera*. This information must be provided for the period starting January 1, 2015

---

[2] https://www.greenvilleonline.com/story/news/local/south-carolina/2019/05/22/sc-corrections-officers-gone-wrong-breakdown-firings-prisons/3691589002/

[3] Including the name of the officers, the reasons for any investigations or action, and relevant dates.

through December 31, 2018. Defendants must produce this information within ten (10) days of this Order.

Request 2: Plaintiff requests production of the Roth Report and Tom Roth's address. As discussed at length by this Court in a related case, *Bartlett et al. v. SCDC et al.*, 2:17-cv-3031-RMG-MGB, Docket Number 79, Plaintiff is entitled to Tom Roth's report and his address in order to notice a deposition. Defendant's must produce Roth's address by 11:59pm on the date of this Order. To the extent Plaintiff seeks underlying facts and data from Roth, that information is best secured through a subpoena under Rule 45.

Request 3: Request Number 3 is denied without prejudice, as it is unclear whether any additional studies exist which have not been produced. However, to the extent that any do exist and are relevant, Plaintiff may renew their motion.[4]

3. *Fourth, Sixth, Seventh and Eighth Requests Related to Plaintiff's Fifth Request for Production of Documents*

Plaintiff's fourth,[5] sixth, seventh and eighth requests relate to Plaintiff's Fifth Request for Production, which contains three requests (Dkt. No. 100-57). The Court discusses each below.

Request 1: Both during the hearing and in filings, Defendants represent that they have already produced all records regarding all attacks or threats on Plaintiff's life. (Dkt. No. 110 at 10.) To the extent all documents have already been produced, the Court cannot order the production of documents that do not exist. However, Plaintiff also represents that during the deposition of William Welch, an investigation report was prepared but it was

---

[4] The Court, however, does note that in a related case, *Bartlett et al. v. SCDC et al.*, 2:17-cv-3031-RMG-MGB, the Magistrate Judge denied Plaintiffs' request for two reports, the Sparkman Report a SLED report. (Dkt. No. 69) The plaintiff in *Bartlett* did not object to that ruling.

[5] Plaintiff's fourth request in his motion to compel related to both the Second Set of Interrogatories, discussed above, and the Fifth Request for Production, discussed here.

not "cleared" for release, and similarly Defendants have not produced Plaintiff's medical records. (Dkt. No. 113 at 3.) These documents, related to the attack at issue here, are highly relevant and to the extent Defendants have failed to produce the investigation report and Plaintiff's medical records, they are now ordered to do so within ten (10) days of this Order.

Request 2: Plaintiff alleges there are records of at least seven other attacks on Plaintiff while in SCDC custody. Defendants represent they have already produced all records in their possession. Again, the Court cannot order the production of documents that do not exist. However, Defendants, within ten (10) days of this Order, must produce a certification from a responsible official at SCDC that no such additional records exist.

Request 3: Plaintiff has waived this request and no longer seeks this information.

### 4. *Fifth Request for Cell Phone Records of Cory Lucas*

To the extent Plaintiff believes relevant information exists on the cell phone of Cory Lucas, that information should be sought by a subpoena *duces tecum* from Defendant Cory Lucas specifying precisely the information sought.

### 5. *Ninth Request for 2015 and 2018 Security Audits*

The Parties agree that it is unclear whether records of the 2015 and 2018 Security Audits exist. Therefore, within ten (10) days of this Order, Defendants must provide to Plaintiff's counsel confirmation whether or not 2015 and 2018 Security Audits exist for ECI. If they do exist, and there is no assertion of privilege, Plaintiff's must produce the audits. To the extent Defendants' assert any claim of privilege over the audits, the Court shall review them *in camera* before production.

### D. Motion for Production of Expunged Records (Dkt. No. 114)

Plaintiff moves for production of records that were expunged in criminal cases brought against SCDC correctional officers, including Cory Lucas. As explained above, these records are highly relevant to this case, as the case is related to a failure to protect in SCDC custody involving Cory Lucas, and the state law regarding expungement permits disclosure where it is "allowed by court order." S.C. Code Ann. § 17-1-40. Further, the production is not for any criminal prosecution based on the expunged records, and rather relates to discovery in a civil suit. The Court therefore orders disclosure of these records. Further, even where records are sealed, the underlying *facts* leading to the criminal charge is not under seal and may be inquired about. The Court therefore grants Plaintiff's Motion for Production of Expunged Records.

### E. Motion to Compel Deposition of Blake Gordon (Dkt. No. 115)

The Parties represent that they have resolved this motion and have scheduled the deposition of Blake Gordon. (Dkt. No. 115.) The Motion is therefore denied as moot with leave to refile.

### F. Production is for Attorneys' Eyes Only

The information that the Court has ordered here today is clearly relevant to this case. However, the Court is further aware that this case involves inmates at South Carolina correctional facilities and potentially includes information that could impact the safety of current and former SCDC officers and employees and other witnesses in this case. Therefore, the information ordered produced in this Order is for attorneys' eyes only.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for a Protective Order is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 101.) Defendant Sims' must provide the relevant information as ordered in Section III(A).

The Parties Joint Motion to Extend the Deadline for Dispositive Motions (Dkt. No. 104) is **GRANTED** and the deadline for dispositive motions is now July 31, 2019.

Plaintiff's Motion to Compel (Dkt. No. 107) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' must produce the documents as ordered in Section III(C). Any documents ordered produced must be produced within **TEN (10) DAYS** of this Order. Tom Roth's address must be produced by 11:59 p.m. on the date of this Order.

Plaintiff's Motion for Production of Expunged Records (Dkt. No. 114) is **GRANTED**.

Plaintiff's Motion to Compel Deposition of Blake Gordon (Dkt. No. 115) is **DENIED AS MOOT** with leave to refile.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 12, 2019
Charleston, South Carolina