**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Garcia Wilson, | ) | Civil Action No. 1:18-0050-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Willie Eagleton, Warden Donnie Stonebreaker, Correctional Officer Cory Lucas, Correctional Officer Sergeant Cotton, Correctional Officer Sergeant Sims, and Correctional Officer Sergeant Williamson, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") (Dkt. No. 226) recommending that the Court grant in part and deny in part the motions for summary judgment brought by Defendant Lucas (Dkt. No. 194) and Defendants Eagleton, Stonebreaker, Cotton, Sims and Williamson (the "Remaining Defendants") (Dkt. No. 195). For the reasons set forth below, the Court adopts in part the R & R as the order of the Court. Each motion for summary judgment is granted in part and denied in part.

**I.    Background**

Plaintiff Garcia Wilson claims that Defendants violated his constitutional rights by failing to protect him from inmate violence, by using excessive force and by denying him medical care while incarcerated at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Specifically, Plaintiff alleges that on September 5, 2017 he was struck and stabbed by a fellow inmate and that Defendants Cotton and Lucas saw Plaintiff injured, but did not help him. Plaintiff also alleges that on September 7, 2017, after he was transported to the hospital for treatment, Defendant Sims repeatedly kneed Plaintiff in his torso while Defendant

-1-

Williamson observed, but did not intervene. (Dkt. No. 66 at 7-9.) SCDC is not a defendant to this action. No movant filed an objection to the R & R.

## II.     Legal Standard

### A.     Review of the R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the district court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.     Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

The party seeking summary judgment has the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.  Discussion

**A.  Defendant Lucas's motion for summary judgment (Dkt. No. 194) is granted in part and denied in part.**

The Amended Complaint alleges that Defendant Lucas saw Plaintiff struck and stabbed by other inmates, but failed to help him. Two causes of action are brought against Lucas, each in both his official capacity as a warden and in his individual capacity.

> **1.  First Cause of Action: As to Unspecified Defendants, Temporary and Permanent Injunctive Relief Pursuant to S.C. Code Ann. § 15-44-30, S.C. R. Civ. P. 65(b), and 42 U.S.C. § 1983**

The First Cause of Action alleges that injunctive relief is appropriate because "due to the ongoing policies and practices of the Defendants in failing to protect the Plaintiff" from inmate-on-inmate harm, Defendants engage in "ongoing deliberate indifference, reckless, malicious, wanton and grossly negligence in policies, practices, habits, customs, usages, training and supervision[.]" (Dkt. No. 66 ¶¶ 50-53.) Lucas does not raise this argument, but the record reflects

that Plaintiff has been released from SCDC custody. (Dkt. No. 195-1 at 28.)[1] "The Fourth Circuit has consistently held that when a prisoner is no longer subject to the alleged unconstitutional condition, the claim is moot." *Wright v. Bennett*, 5:08-ct-3129-BO, 2010 WL 3075519, at *3 (E.D.N.C. Aug. 4, 2010); *see also Moneyhan v. Keller*, 563 Fed. Appx. 256, 258 (4th Cir. 2014) ("We conclude that the district court correctly determined that [plaintiff's] claim for injunctive relief was rendered moot by his release" from prison "[d]uring the pendency of his case"). The First Cause of Action is therefore dismissed as to Lucas in both his individual and official capacities.

### 2. Second Cause of Action: As to Defendant Lucas, Violation of 42 U.S.C. § 1983 by Failure to Protect

The Second Cause of Action alleges that Lucas was grossly negligent, reckless, willful, wanton and deliberately indifferent by, *inter alia*, allowing uncontrolled inmate-on-inmate violence, failing to properly train officers and failing to comply with SCDC policies. (Dkt. No. 66 ¶¶ 54-57.)

Regarding Lucas's liability in his official capacity, he is entitled to immunity from suit under the Eleventh Amendment, which "extends to [ ] state officers acting in their official capacity." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). The Second Cause of Action is therefore dismissed as to Lucas in his official capacity.

Regarding liability in his individual capacity, it stands that "[s]tate officials may only be sued in their individual capacities." *Rhoden v. S.C. Dep't Corr.*, 4:17-cv-2537-HMH-TER, 2017 WL 9288217, at *3 (D.S.C. Oct. 4, 2017). But "personal participation of a defendant is a necessary

---

[1] *See also* SOUTH CAROLINA DEPARTMENT OF CORRECTIONS INCARCERATED INMATE SEARCH, *available at* https://public.doc.state.sc.us/scdc-public/ (search by First Name: Garcia; Last Name: Wilson) (last visited Aug. 4, 2020).

element of a Section 1983 claim against government officials in their individual capacities." *Blessing v. Scaturo*, No. 6:16-cv-1832-BHH-KFM, 2017 WL 3575732, at *9 (D.S.C. July 28, 2017). "In order for an individual to be liable under Section 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights, [and that he] must have had personal knowledge of and involvement in the alleged deprivation of [the plaintiff's] rights." *Id*. The Eighth Amendment requires prison officials to "protect prisoners from violence at the hand of other prisoners," *Farmer*, 551 U.S. at 833, by taking "reasonable measures to guarantee" their safety, *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The plaintiff must demonstrate that "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities," *Farmer*, 511 at 834, and that the official had a "sufficiently culpable state of mind" of either purposefully causing harm or harboring "deliberate indifference," *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

Lucas argues that Plaintiff testified that he told Lucas he wanted to go into his cell, but did not tell Lucas it was because he was afraid for his safety. But construing the record in favor of the non-movant, a reasonable jurist could nonetheless find that Lucas had the requisite actual knowledge of and disregarded a substantial risk of harm to Plaintiff. The Roth Report, in particular, repeatedly emphasizes that "overall assaults occur at a higher than acceptable level at MCI."[2] *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (considering whether defendant "knew of a substantial risk from the very fact that the risk was obvious"). Relatedly, the record reflects a genuine issue of material fact as to whether Lucas acted with deliberate indifference by failing to respond "reasonably to the risk" of harm to Plaintiff has an inmate. *Id.* at 844. The Court

---

[2] *See* 6:19-cv-0100-MGB-RMG, Dkt. No. 39-8 at 139-44.

therefore adopts the Magistrate Judge's recommendation to not dismiss the Second Cause of Action as to Lucas in his individual capacity.

**B.     The Remaining Defendants' motion for summary judgment (Dkt. No. 195) is granted in part and denied in part.**

The Amended Complaint brings four causes of action against the Remaining Defendants. Each is sued in his official and individual capacities.

**1.     First Cause of Action: As to Unspecified Defendants, Temporary and Permanent Injunctive Relief Pursuant to S.C. Code Ann. § 15-44-30, S.C. R. Civ. P. 65(b), and 42 U.S.C. § 1983**

In light of Plaintiff's release from SCDC custody, the First Cause of Action for temporary and permanent injunctive relief is rendered moot and therefore dismissed as to all Remaining Defendants.

**2.     Second Cause of Action: As to Defendants Eagleton, Stonebreaker and Cotton, Violation of 42 U.S.C. § 1983 by Failure to Protect**

As noted, this cause of action alleges that some of the Remaining Defendants were grossly negligent, reckless, willful, wanton and deliberately indifferent by allowing uncontrolled inmate-on-inmate violence. This claim relates to Plaintiff's alleged injury stemming from what the Amended Complaint refers to as the "first occurrence" of inmate-on-inmate violence: Lucas and Cotton being present for and aware of Plaintiff's assault, but not helping him. The Amended Complaint does not allege that Eagleton or Stonebreaker were present during the incident.

As to liability in their official capacities, these Remaining Defendants are entitled to immunity from suit under the Eleventh Amendment, which "extends to [ ] state officers acting in their official capacity." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). The Second Cause of Action is therefore dismissed as to Defendants Eagleton, Stonebreaker and Cotton in their official capacities.

As to liability in their individual capacities, as noted, "personal participation of a defendant is a necessary element of a Section 1983 claim against government officials in their individual capacities." *Blessing*, 2017 WL 3575732, at *9. In addition to the legal standard to bring a claim for failure to protect, discussed above, a supervisor can be liable when he knew that his subordinate was "engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury," his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices," and there was an "affirmative causal link" between his inaction and the constitutional harm. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). A supervisor may also be liable for failing to train his subordinates if the plaintiff demonstrates that the subordinates actually violated his constitutional or statutory rights, the supervisor failed to properly train the subordinates, illustrating his deliberate indifference to others' rights, and that this failure violated plaintiff's rights. *Hubbard v. Byars*, No. 8:14-cv-0033-BHH, 2015 WL 337642, at *12 (D.S.C. Jan. 16, 2015).

First, as to Associate Warden Stonebreaker, construing the record—including Plaintiff's prison kiosks requests and letters, deposition testimony regarding staffing levels and security audits, the Roth Report, and expert reports—in a light most favorable to the non-movant, the Second Cause of Action should be dismissed as to Stonebreaker because it lacks sufficient evidence supporting a finding that he had subjective actual knowledge of a substantial risk of harm to Plaintiff, including because Stonebreaker began employment only approximately one month before the incident. *See, e.g.*, *Farmer*, 511 U.S. at 842 (the court may consider "evidence showing that a substantial risk of attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" if that evidence suggests the official "had been exposed to information concerning the risk and thus must have known about it"). Nor does the record contain

sufficient evidence that Stonebreaker knew a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury that is needed to support a finding that Stonebreaker has supervisory liability. The Second Cause of Action is, therefore, dismissed as to Stonebreaker in his individual capacity.

For the same reasons, the Magistrate Judge recommends that the Second Cause of Action not be dismissed as to Eagleton. The Court adopts that recommendation and finds that the record contains inmate requests filed before the incident and specifically directed to Eagleton and, therefore, that construing the record in a light most favorable to the non-movant, there remains a genuine issue of material fact as to whether Eagleton had subjective actual knowledge of the risk of harm to Plaintiff. Although Eagleton left his employment at Evans Correctional Institution approximately four days before the incident, a reasonable jurist could find that he was nonetheless previously aware of the risk of harm and failed to protect and failed to appropriately supervise or train his subordinates. The Second Cause of Action is therefore not dismissed as to Eagleton in his individual capacity.

Last, as to Officer Cotton, the Magistrate Judge recommends that the Second Cause of Action be dismissed. The Court adopts that recommendation, also finding that the record evidence does not create a genuine issue of material fact as to whether Cotton failed to protect. Rather, Cotton's deposition testimony supports a finding that he was not involved in the incident until it had already occurred. Nor is there sufficient evidence from which a reasonable jurist would find Cotton, as a correctional officer, has supervisory liability or failed to train subordinates. Therefore, the Second Cause of Action is dismissed as to Cotton in his individual capacity.

3.  **Third Cause of Action: As to Defendants Sims and Williamson, Violation of 42 U.S.C. § 1983 by Use of Excessive Force**

Sims and Williamson are each sued in his official and individual capacities.[3] The Third Cause of Action is dismissed as to Defendants Sims and Williamson in their official capacities because they are immune from that suit under the Eleventh Amendment.

As to their individual liability, the Magistrate Judge recommends that the Third Cause of Action not be dismissed as to Sims or Williamson. The Court adopts that recommendation. When alleging an Eighth Amendment claim for excessive force, the district court must determine whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component). *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish the subjective component, the inmate must show that the official acted "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain order or instill discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). To establish the objective component, the inmate must measure the force used against "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The officer is liable through "affirmative misconduct," but "an omission to act, when coupled with a duty to act, [may] provide a basis for liability." *Randall v. Prince George's Cnty.*, 302 F.2d 188, 202-03 (4th Cir. 2002).

As the Magistrate Judge concluded, the record, when construed in a light most favorable to the non-movant, reflects a genuine issue of material fact as to whether Sims acted with an intent to harm when he allegedly struck Plaintiff in the back and torso. There is similarly a genuine issue

---

[3] The Amended Complaint's caption states that Sims is sued only "in his official capacity." (Dkt. No. 66 at 1.) But the Court adopts the Magistrate Judge's analysis that the face of the entire pleading makes clear Sims is also sued in his individual capacity, as each of the other Remaining Defendants are. (Dkt. No. 231 at 9-11.)

of material fact regarding whether Williamson's failure to curtail the incident or to give Plaintiff assistance after the incident constitutes a refusal to render aid as a bystander. For these reasons, the Third Cause of Action is not dismissed as to Sims in his individual capacity and is not dismissed as to Williamson in his individual capacity.

> 4. **Sixth Cause of Action: As to Defendants Sims and Williamson, Assault and Battery**

In the Sixth Cause of Action, Plaintiff alleges that Sims and Williamson assaulted and battered him "by intentionally kneeing him in the back, side and stomach while he was hospitalized in the intensive care unit and causing him great bodily injury." (Dkt. No. 66 ¶ 73.) As discussed, Plaintiff claims that Sims kneed him in the back and torso while Williamson, also in the room, observed and failed to give assistance. In South Carolina, "an 'assault' is an attempt or offer, with force or violence, to inflict bodily harm on another or engage in some offensive conduct." *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008). "An assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant." *Gathers v. Harris Teeter Supermarket, Inc.*, 317 S.E.2d 748, 754-55 (S.C. Ct. App. 1984). "The conduct must be of such nature and made under such circumstances as to affect the mind of a person of ordinary reason and firmness, so as to influence his conduct; or it must appear the person against whom the threat is made was peculiarly susceptible to fear, and the person making the threat knew and took advantage of the fact he could not stand as much as an ordinary person." *Brooker v. Silverthorne*, 99 S.E.2d 350, 351 (S.C. 1919). "A battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient. *Gathers*, 317 S.E.2d at 754. "Physical injury is not an element of battery." *Mellen*, 659 S.E.2d at 245.

The Magistrate Judge recommends that these two claims, for assault and for battery, against Sims not be dismissed for the same reasons the claim for use of excessive force arising from the same conduct is not dismissed against Sims. The Court declines to adopt that reasoning; however, the Court agrees that the record reflects a genuine issue of material fact as to whether Sims placed Plaintiff in reasonable fear of bodily harm or forcibly touched him. The Magistrate Judge next recommends that these claims against Williamson be dismissed. The Court adopts that recommendation because the record reflects Williamson was an observer in the room who did not himself threaten or forcibly touch Plaintiff.

Therefore, the Sixth Cause of Action's claims for assault and for battery are not dismissed as to Sims. The Court, moreover, retains jurisdiction over them. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"). The Sixth Cause of Action's claims for assault and for battery are dismissed as to Williamson.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the R & R (Dkt. No. 226) as the order of the Court.

Defendant Lucas's motion for summary judgment (Dkt. No. 194) is **GRANTED IN PART and DENIED IN PART**. The First Cause of Action is **dismissed** as to Lucas in his official capacity and in his individual capacity. The Second Cause of Action is **dismissed** as to Lucas in his official capacity and is **not dismissed** as to Lucas in his individual capacity.

The Remaining Defendants' motion for summary judgment (Dkt. No. 195) is **GRANTED IN PART and DENIED IN PART**. The First Cause of Action against each Remaining Defendant

in his official and individual capacities is **dismissed**.  The Second Cause of Action against Stonebreaker in his individual capacity is **dismissed**.  The Second Cause of Action against Eagleton in his individual capacity is **not dismissed**.  The Second Cause of Action against Cotton in his individual capacity is **dismissed**.  The Third Cause of Action against Sims and Williamson in each's official capacity is **dismissed**.  The Third Cause of Action against Sims and Williamson in each's individual capacity is **not dismissed**.  The Sixth Cause of Action's two claims, for assault and for battery, against Sims are **not dismissed**.  The Court exercises supplemental jurisdiction over these claims.  The claims for assault and for battery against Williamson are **dismissed**.

The Court **adopts** the Magistrate Judge's recommendation to deny Defendants' request for an evidentiary hearing on the issue of administrative remedies exhaustion. (Dkt. No. 195-1 at 34.)

The Court **declines to adopt** the Magistrate Judge's recommendation regarding "granting summary judgment as to [ ] all federal claims against SCDC." (Dkt. No. 231 at 63.)  The Amended Complaint alleges one federal claim against SCDC—the Second Cause of Action for violation of 42 U.S.C. § 1983.  It also alleges two counts of violation of the South Carolina Tort Claims Act by SCDC—the Fourth and Fifth Causes of Action.  Non-party SCDC has not moved for summary judgment, so the Court does not grant any such motion here.  But, in light of the Magistrate Judge's prior denial of Plaintiff's motion to amend the pleading to name SCDC as a defendant (Dkt. No. 149), the Court **strikes** the Amended Complaint's Second Cause of Action only as to SCDC and **strikes** the Fourth and Fifth Causes of Action in full.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 5, 2020
Charleston, South Carolina